IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CRAIG P.,[1] | : Case No. 3:20-cv-00498 |
| Plaintiff, | : |
| vs. | : Magistrate Judge Caroline H. Gentry |
| | : (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

**DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff protectively filed an application for Supplemental Security Income (SSI) on May 24, 2017. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 10), the Commissioner's Memorandum in Opposition (Doc. 13), Plaintiff's Reply (Doc. 14), and the administrative record (Doc. 9).

## II.     BACKGROUND

Plaintiff asserts that he has been under a disability since March 2, 2017.[2] He was forty-one years old on the SSI application date. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 416.964(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 9-2, PageID 58-68), Plaintiff's Statement of Errors (Doc. 10), the Commissioner's Memorandum in Opposition (Doc. 13), and Plaintiff's Reply (Doc. 14). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III.    STANDARD OF REVIEW

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

---

[2] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Thus, the relevant period of consideration in this case begins on May 24, 2017. See 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

3

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

### IV. THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since May 24, 2017, the SSI application date. |
| Step 2: | | He has the following severe impairments: "degenerative disc disease of the lumbar spine; history of lumbar fusion; mood disorder; history of alcohol use; and generalized anxiety disorder (GAD)." |
| Step 3: | | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work as defined in 20 CFR § 416.967(a), subject to the following limitations: "[Plaintiff] can lift a maximum of 10 pounds; stand and/or walk for about 6 hours in an 8-hour workday and sit for about 6 hours in an 8-hour workday. [Plaintiff] can occasionally climb ladders, ropes, scaffolds, ramps, and stairs; and occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] can understand, remember, and carryout simple, routine, and repetitive tasks. [Plaintiff] can have occasional interaction with |

>   supervisors, coworkers, and the public. [Plaintiff] requires no high stress work, which is no assembly line work and no work with an hourly or less quota requirement."
>
>   He has no past relevant work.
>
> Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 9-2, PageID 60-68.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 68.)

## V. ANALYSIS

Plaintiff asserts the following errors: 1) The ALJ's consideration of the opinion evidence is inadequate and unsupported; and 2) The ALJ's decision is not supported by substantial evidence and [Defendant's] position is not substantially justified. (Doc. 10, PageID 1391.) Plaintiff specifically challenges the ALJ's analysis of the State agency psychological consultants' prior administrative medical findings, as well as the opinions of consultative physician Phillip Swedberg, M.D. and consultative psychologist Mary Ann Jones, Ph.D. (*Id.* at PageID 1392-98.) Finding error in the ALJ's analysis of the State agency psychological consultants' findings, the Court does not address Plaintiff's other alleged errors and, instead, instructs the ALJ to address all of them on remand.

### A. Applicable Law

Social Security regulations require ALJs to adhere to certain standards when evaluating medical opinions. Because Plaintiff filed her claim in May 2017, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case. Under these regulations, the ALJ "will not defer or give any specific

5

evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 416.920c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 416.920c(c).

Because the first two factors–supportability and consistency–are the "most important" ones, the ALJ "*will* explain" how he or she considered them. 20 C.F.R. § 416.920c(b)(2) (emphasis added).[3] As to the first factor (supportability), "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2).

B.  **State Agency Psychological Consultants**

Jaime Lai, Psy.D. reviewed the record at the initial level and completed a mental RFC assessment in October 2017. (Doc. 9-3, PageID 131.) Dr. Lai adopted the mental limitations in a prior unfavorable ALJ decision issued in March 2017, pursuant to

---

[3] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 416.920c(b)(2).

Acquiescence Ruling 98-4(6).[4] (*Id.*) In that decision, the ALJ limited Plaintiff as follows: "Due to mental health impairments, [Plaintiff] is limited to performing simple, routine, repetitive tasks, but not at a production rate. He can have occasional interaction with supervisors, coworkers, and the public." (*Id.*, *see also* Doc. 9-3, PageID 108.)

Kristen Haskins, Psy.D. reviewed the updated record at the reconsideration level. (Doc. 9-3, PageID 146-48.) Dr. Haskins opined that Plaintiff was limited to completing "short cycle tasks in a setting that does not have [a] fast pace demand." (*Id.* at PageID 147.) As for social functioning, Dr. Haskins opined that Plaintiff "can superficially interact with others in a work setting." (*Id.*) Dr. Haskins also opined: "[Plaintiff] can work within a set routine where major changes are explained in advance and gradually implemented to allow [Plaintiff] time to adjust to the new expectations. [Plaintiff's] ability to handle routine stress and pressure in the work place would be reduced, but adequate to handle tasks without strict time limitations or production standards." (*Id.* at PageID 148.) Dr. Haskins explained that she did not adopt the prior ALJ's limitations because "there is a new [medically determinable impairment] to consider and [Plaintiff's] functioning appears more limited" than at the time of the prior decision. (*Id.*)

The ALJ concluded that the State agency psychological consultants' findings were persuasive. However, the ALJ erroneously stated that both Dr. Lai and Dr. Haskins had

---

[4] Acquiescence Ruling 98-4(6) states: "When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." SSAR 98-4(6), 63 Fed. Reg. 29771-01, at 29773 (June 1, 1998).

7

"adopted the limitations of the prior ALJ (Exhibits B2A, B4A)." (Doc. 9-2, PageID 66-67.) The ALJ did not acknowledge or consider Dr. Haskins' additional limitations, including the limitation to superficial social interaction. Further, the ALJ neither included these additional limitations in the RFC nor explained why he did not include them.

The ALJ erred in his analysis of the State agency psychological consultants' opinions. The ALJ must consider and evaluate the persuasiveness of **all** medical opinions and prior administrative medical findings in the record. 20 C.F.R. § 416.920c(b)(c) (emphasis added). Further, if the RFC assessment conflicts with an opinion from a medical source, "the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, as explained above, the ALJ failed to consider the additional mental limitations identified by Dr. Haskins. He therefore did not explain why those opinions were not adopted in the RFC, as required by SSR 96-8p. He also did not consider the persuasiveness of Dr. Haskins' findings and opinions.

Defendant argues that the opinions of Drs. Lai and Haskins are not actually different. (Doc. 13, PageID 1417 ("Though they use different words, they say essentially the same thing.") The Court disagrees. Dr. Haskins identified mental limitations that are not included in Dr. Lai's opinion. Their opinions are, therefore, substantively different.

Defendant further argues that the RFC implicitly included Dr. Haskins' limitation for superficial social interaction because "[u]nskilled work does not require more than superficial contact, as it involves working primarily with objects, rather than data or

8

people. SSR 8[5]-15.⁵" (*Id.*)  This argument is not well-taken. SSR 85-15 does state that unskilled jobs "ordinarily involve dealing primarily with objects, rather than with data or people . . . ." SSR 85-15, 1985 WL 56857, *4 (January 1, 1985). But the opposite of "ordinarily" and "primarily" is not "rarely" or "never." Moreover, the quoted statement appears to address the *quantity* of interactions between unskilled workers and other people, not the *quality* of those interactions. It therefore could only refer to occasional contact, not superficial contact. *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.) ("'Occasional contact' goes to the *quantity* of time spent with [ ] individuals, whereas 'superficial contact' goes to the *quality* of the interactions." (emphasis added) (citation omitted)). Given the difference between occasional contact (quantity) and superficial contact (quality), the RFC limitation to occasional interactions also does not implicitly include Dr. Haskins' limitation to superficial social interactions.

For all of these reasons, the ALJ erred by failing to evaluate and explain the persuasiveness of Dr. Haskins' findings, specifically her limitation to superficial social interactions. Thus, reversal is warranted.

## VI. REMAND

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand

---

⁵ Defendant actually cited to SSR 83-15. This appears to be a typographical error, as SSR 83-15 has been rescinded and does not address interaction with people in the context of unskilled work. SSR 83-15, 1983 WL 31245, *1 (S.S.A. 1983). The Court will assume that Defendant intended to cite to SSR 85-15.

9

under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

     A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his SSI application should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 10) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge